Hau, Judge.
 

 When this case came before the Court at a former term, (2
 
 Hawks,
 
 1) it was considered that the Plaintiff was not entitled to a summary remedy under the act of Assembly, by merely notifying the Sheriff and his securities, to show cause why judgment should not be entered against them, because Use- Sheriff’s bond was not given pursuant to the act, and that Circumstance in the case, then disposed of it. I am sorry to be under the necessity of saying, that for a reason founded on the same principle, the case must
 
 now
 
 be disposed of. '
 

 \Yc then decided, that as the bond was not taken as prescribed by the act, it was not void, but that the party gricted must have recourse to a common law remedy ; as with respect to the remedy, so it is with respect to parties, if not taken as the act prescribes, although made payable
 
 to John Branch,
 
 Governor, and bis successors, this action cannot be maintained on the bond in the name of the successor.
 

 Another question was then somewhat examined relative to the Sheriff’s return. Speaking for myself, I was too much influenced by the reasoning ou behalf of the securities, which lias since been adopted in
 
 McKellar,
 
 v.
 
 Bowell, (4 Hawks
 
 34) without observing its total inapplicability to the case. There, the deciee was not per-
 
 *157
 
 mi Med to be received as evidence against the securities, because they were not parties to it, and because the <‘\i- . . deuce on whirl» it rested, might again be brought before the Court, when they became parties in any other suit; and so in this case, it was said the Sheriff’s return was not conclusive evidence — that the question still was open liad the Sheriff in fact, received the money, although his return stated that he had. But I think the Sheriff’s re<turn conclusivo of the question, because as long as that return stands, the Plaintiff has no remedy against the Defendant, for the amount which the Sheriff’s return states to be received.
 

 But I think for the reason first stated, this action cannot be sustained.
 

 Per Curiam. Judgment arrested.